**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| KENO JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:06-cv-1222-SEB-VSS |
| | ) | |
| CRAIG HANKS, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Keno Jones ("Jones") seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. NCF 06-05-0047. In that proceeding, he was charged with and found guilty of committing battery upon another person by use of bodily fluids, which is a violation of prison conduct rules for inmates. The determination of this misconduct was based on evidence showing that in the early morning of May 8, 2006, just after he had been placed in a segregation cell at the New Castle Correctional Facility, he spit out the cuff port of the cell into which he had been placed onto the right pants leg of Correctional Officer J. Wilson.

Jones is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these circumstances, Jones was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Jones received all the process to which he was entitled. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Jones was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for his decision and for the sanctions which were imposed.

There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Jones to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. This includes his claims that: 1)  there was insufficient evidence to support the conduct board's findings–because the conduct report provided a direct, first-hand account of the incident; and 2) the sanctions were excessive–because Jones committed procedural default as to this claim by not including it in his administrative appeal to the facility head and a challenge to the severity of sanctions imposed, in any event, does not support a cognizable claim under 28 U.S.C. § 2254(a) under the circumstances of this case.  See *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997) (the issue of sentencing within the parameters of state law is ordinarily outside the realm of federal habeas review).

Accordingly, Jones' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.


Date:  12/15/2006

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana